OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Kevin M. Kapel, appeals his conviction in the Mentor Municipal Court for failure to stop at a red light in violation of Mentor Ordinance 70.16.[1] The following facts are relevant to a determination of this appeal.
On December 12, 1999, appellant was cited by the Mentor Police for running a red light at the intersection of Center Street and Mentor Avenue. A bench trial was conducted in Mentor Municipal Court on January 26, 2000. The city's sole witness was the police officer who cited appellant, Patrolman Brian Haller. Appellant represented himself and was the only witness to testify on his behalf.
The intersection where the incident allegedly occurred has two lanes going in each direction, in addition to either one or two turning lanes depending on which direction traffic is heading. It is apparent that at approximately 9:30 p.m. on the day in question, appellant was traveling southbound on Center Street as he crossed through the intersection. Patrolman Haller was first in line in the far left-hand turn lane of eastbound Mentor Avenue traffic, waiting to turn left onto Center Street in a northbound direction.
Patrolman Haller testified that after the traffic light turned green for his lane of traffic, he took his foot off the brake, put it on the accelerator, then noticed appellant's vehicle directly in front of him. He testified that he did not notice appellant's vehicle until it was directly in front of him and the light was green. He could not say what color the light was when appellant entered the intersection. Nor did the officer have an estimate of appellant's speed. Finally, Patrolman Haller estimated that the distance from the beginning of the intersection for southbound Center Street traffic until the beginning of his lane was at least seventy-five feet.
Appellant testified that he saw that the light was yellow but that it did not turn red before the light disappeared from his view and, thus, he had already entered the intersection prior to the light changing to red. Additionally, his unrebutted testimony was that he was travelling at a speed of between thirty and thirty-five m.p.h., which translates to a rate of forty-four to fifty-one feet/second.
Based upon the foregoing testimony, the trial court determined that appellant was guilty of violating Mentor Ordinance 70.16(C)(1) which requires a vehicle to stop for a red light if it has not yet entered the intersection, and it sentenced him accordingly. That ordinance, which mirrors R.C. 4511.13, provides that once a vehicle crosses into an intersection with a yellow light, that vehicle may proceed through the intersection no matter how soon thereafter the light changes to red.
Appellant timely filed a notice of appeal and has now set forth a single assignment of error. Appellant contends that the trial court erred in finding him guilty when the evidence provided was to the contrary. While he did not specify whether he was seeking review of his conviction based upon sufficiency, or manifest weight of the evidence, it is clear that his argument takes on a sufficiency tone and, therefore, we will treat it as though it had been properly phrased.
In State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 10, we held:
 "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 "`"* * * [T]he test [for sufficiency of the evidence] is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, resolution of which does not allow the court to weigh the evidence. * * *"' (Emphasis added.) State v. Davis (1988), 49 Ohio App.3d 109, 113."
 Thus, in the present case, we must view the probative evidence and inferences drawn therefrom in the light most favorable to the prosecution and determine whether any rational trier of fact could have found that the light had changed to red prior to appellant's vehicle entering the intersection. We must conclude that the light had not changed to red until after appellant had entered the intersection. Thus, there was insufficient evidence to support appellant's conviction.
From a review of the transcript, it is clear that the only relevant evidence given by Patrolman Haller was that appellant's vehicle was directly in front of him at the approximate time that the light for eastbound traffic on Mentor Avenue turned green. The prosecution had to establish that appellant entered the intersection after the light for southbound traffic had already turned red. The officer's testimony was insufficient to support such a conclusion. Under the law, it made no difference what color the light was when appellant was already seventy-five feet beyond the start of the intersection.
Additionally, contrary to some references made by the trial court judge, appellant's own testimony did not damage his case. Appellant offered unrebutted testimony that his rate of travel was between forty-four and fifty-one feet/second and that the traffic signal device in question had, at most, a one-second delay between turning red for one direction and turning green for the other direction. He had repeatedly timed that signal and reached that result. According to the officer's own testimony, when he first noticed appellant, appellant was already at least seventy-five feet into the intersection. Thus, if the light had just turned green for the officer, the light would have turned red for southbound Center Street traffic twenty-four to thirty-one feet after
appellant vehicle entered the intersection.
Hence, we must conclude that there was insufficient evidence upon which to convict appellant of the offense for which he was charged. Appellant's sole assignment of error is sustained.
The judgment of the trial court is reversed and judgment is entered in favor of appellant.
 ________________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
FORD, J., NADER, J., concur.
[1] We note that the trial court indicated in its judgment entry that appellant was guilty of violating Mentor Ordinance 50.l6. In fact, there is no such ordinance. The "Signal Light" ordinance is 70.16.